UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CRYSTAL MARIE NEWTON CANTU, § <br> Plaintiff, § <br> § <br> V. § <br> § <br> CAMERON COUNTY SHERIFF, in his § <br> official capacity, SERGEANT MARIA § <br> MASON, in her official capacity, OFFICER § <br> JUANITA SANCHEZ, in her official § <br> capacity, and LIEUTENANT JOEL § <br> ZAMORA, in his official capacity, § <br> Defendants § | CASE NO. B-03-168 |

## ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Cameron County (including Sheriff Conrado Cantu, in his official capacity, Sergeant Maria Mason, in her official capacity, Officer Juanita Sanchez, in her official capacity, and Lieutenant Joel Zamora, in his official capacity), Defendant, files this its Answer to Plaintiff's Original Complaint and would show as follows:

1. Cameron County admits that on August 23, 2001 Plaintiff sustained injuries as of a result of an altercation with another inmate. Cameron County is without sufficient knowledge or information to admit or deny whether that inmate was Charlote Kirkpatrick. Cameron County admits that Plaintiff did tell Disciplinary Officer Alex Garcia that Sergeant Mason was having a lesbian affair with an inmate. Cameron County denies the remainder of Plaintiff's Statement of Claim.

2. Cameron County denies the Prayer.

Answer to Plaintiff's Original Complaint - 1

3. Any allegation made within any part of Plaintiffs' Complaint not otherwise specifically responded to is specifically or generally denied. Cameron County still urges and relies on matters alleged without waving any other matter asserted herein and further alleges as affirmative defenses the following:

4. Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of Cameron County.

5. The conduct complained of in Plaintiff's Complaint was not the official policy or custom of Cameron County; therefore, Cameron County is immune from liability under 42 U.S.C. Section 1983, et seq.

5. Plaintiff cannot recover directly or indirectly from Cameron County because of the Doctrine of Sovereign Immunity.

6. Plaintiff's Complaint fails to allege a violation that rises to constitutional proportions against Cameron County.

7. Plaintiff's Complaint fails to allege a cause of action upon which relief may be granted.

8. Cameron County claims the affirmative defense of the statute of limitations.

9. Cameron County reserves the right to file any and all cause of actions, counterclaims or third party actions and any further affirmative defenses as it may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendant Cameron County prays that upon final trial hearing hereof, that Plaintiff take nothing by her suit and that Cameron County recovers all cost incurred herein and that it have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: 210/550-1345
Facsimile: 210/550-1348

BY: *John A. Olson*
John A. Olson
Attorney of Record
Texas State Bar #15274750
Federal ID #4034

Of Counsel
C. Douglas Wright
Texas State Bar #22024100
Federal ID #15516

Dylbia L. Jefferies
Texas State Bar #00786515
Federal ID #17065

## CERTIFICATE OF SERVICE

I, John A. Olson, do hereby certify that on this ___ day of December, 2003, a true and correct copy of Defendant Cameron County's Answer has been mailed to: Crystal Marie Newton Cantu #1071128, Texas Department of Corrections-Mt. View Facility, 2305 Ransom Rd., Gatesville, Texas 76528.

*John A. Olson*
John A. Olson