UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 4 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CRYSTAL MARIE NEWTON CANTU, § <br> Plaintiff, § <br> § <br> V. § <br> § <br> CAMERON COUNTY SHERIFF, in his § <br> official capacity, SERGEANT MARIA § <br> MASON, in her official capacity, OFFICER § <br> JUANITA SANCHEZ, in her official § <br> capacity, and LIEUTENANT JOEL § <br> ZAMORA, in his official capacity, § <br> Defendants. | CASE NO. B-03-168 |

### FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Cameron County (including Sheriff Conrad Cantu, in his official capacity, Sergeant Maria Mason, in her official capacity, Officer Juanita Sanchez, in her official capacity, and Lieutenant Joel Zamora, in his official capacity), Defendant, files this its Answer to Plaintiff's Original Complaint and would show as follows:

1. Cameron County admits that on August 23, 2001 Plaintiff sustained injuries as of a result of an altercation with another inmate. Cameron County is without sufficient knowledge or information to admit or deny whether that inmate was Charlote Kirkpatrick. Cameron County admits that Plaintiff did tell Disciplinary Officer Alex Garcia that Sergeant Mason was having a lesbian affair with an inmate. Cameron County denies the remainder of Plaintiff's Statement of Claim.

2. Cameron County denies the Prayer.

3. Any allegation made within any part of Plaintiffs' Complaint no otherwise specifically responded to is specifically or generally denied. Cameron County still urges and relies on

matters alleged without waving any other matter asserted herein and further alleges as affirmative defenses the following:

4. Plaintiff's rights, privileges, and immunity secured under the constitution or laws of the United States, have not been violated by any action of Cameron County.

5. The conduct complained of in Plaintiff's Complaint was not the official policy or custom of Cameron County; therefore, Cameron County is immune from liability under 42 U.S.C. Section 1983, *et seq.*

6. Plaintiff cannot recover directly or indirectly from Cameron County because of the Doctrine of Sovereign Immunity.

7. Plaintiff's Complaint fails to allege a violation that rises to constitutional proportions against Cameron County.

8. Plaintiff's Complaint fails to allege a cause of action upon which relief may be granted.

9. Cameron County claims the affirmative defense of the two year statute of limitations.

10. Cameron County denies that it was deliberately indifferent to the medical or safety needs of Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant Cameron County prays that upon final trial hearing hereof, that Plaintiff take nothing by her suit and that Cameron County recovers all cost incurred herein and that it have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT

964 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348

BY: /s/ Richard O. Burst
Richard O. Burst
Attorney In Charge
Richard O. Burst
Texas Bar No. 00785586
Federal Bar No. 15515

Dylbia L. Jefferies Vega
Texas Bar No. 00786516
Federal Bar No. 17065
Attorneys for Defendant
Cameron County, Texas

### CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing First Amended Answer to Plaintiff's Original Complaint has been faxed and mailed by first class mail to the following on this ___14___ day of December, 2005:

Crystal Marie Newton Cantu
307-2 Bolivar
Rancho Viejo, Texas 78575

/s/ Richard O. Burst