IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| CRYSTAL MARIE NEWTON CANTU, <br>    Plaintiff, <br><br> VS. <br><br> CAMERON COUNTY SHERIFF'S OFFICE, SGT. MASON, OFFICER SANCHEZ, SUPERVISOR JOEL ZAMORA, <br>    Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. B-03-168 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Docket No. 1). For the reasons stated below, it is recommended that the complaint be dismissed.

Plaintiff filed her complaint on September 17, 2003, alleging that Defendants subjected her to cruel and unusual punishment during her incarceration and illegally withdrew funds from her prisoner trust account. Defendants filed an answer (Docket No. 6) on December 9, 2003.

A status conference was set for September 14, 2005. The notice of status conference sent to Plaintiff was returned to the Court as undeliverable. The status conference was re-set for November 10, 2005, and Plaintiff failed to appear. The Court concluded that Plaintiff's intervening change of address may have been effectuated contemporaneously with the notice of the status conference. A third status conference was set for December 2005.

A status conference was held on December 15, 2005, and Plaintiff, appearing *pro se*, indicated that she was seeking legal representation. Plaintiff was given additional time to seek

counsel. A status conference was held on January 27, 2006, and Plaintiff indicated that she was unable to find counsel to represent her in the case, but still wished to proceed *pro se*. The parties were ordered to file an agreed scheduling order. The parties did not comply. On June 13, 2006, the Court held a show cause hearing for want of prosecution. Plaintiff appeared and indicated on the record that she no longer wished to pursue the case. Plaintiff was instructed to file a voluntary dismissal. No dismissal was filed.

On July 27, 2006, the Court held a hearing on the dismissal of the case for want of prosecution. Plaintiff did not appear. Counsel for Defendants indicated that he had been unable to contact Plaintiff via telephone regarding the dismissal and Plaintiff did not return his phone calls. Defense Counsel stated that he had prepared a sample motion for dismissal and mailed it to Plaintiff, but received no response. No dismissal was ever filed with the Court.

**IT IS RECOMMENDED** that Petitioner's civil rights complaint (Docket No. 1) be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 2nd day August, 2006.

                                                John Wm. Black
                                    United States Magistrate Judge